# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-22V
Filed: December 10, 2020
UNPUBLISHED

| | |
|---|---|
| SUZANNE MULRENIN, on behalf of her minor child, R.M., | Special Master Horner |
| Petitioner, | |
| v. | Interim Attorneys' Fees and Costs Decision; Expert Costs; Reasonable Hourly Rate |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On September 1, 2020, petitioner moved for an award of interim attorneys' fees and costs in the amount of $67,886.16.  (ECF No. 45.)  In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs.  (ECF No. 46.)  However, respondent did note that "respondent is satisfied the statutory requirements and other legal requirements for an award of attorneys' fees and costs are met."  (*Id.* at 2.)  For the reasons discussed below, I award petitioner interim attorneys' fees and costs in reduced amount of $65,321.16.

**I.    Procedural History**

On January 4, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her minor child, R.M.,

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

experienced post-vaccination symptoms later diagnosed as a Mast Cell Activation Syndrome ("MCAS"), caused or significantly aggravated by her November 16, 2015 influenza ("flu") vaccination. (ECF No. 1.)

This case was originally assigned to Special Master Millman. (ECF No. 4.) Petitioners filed records to a support her claim and a Statement of Completion. (ECF Nos. 6-9, 11, 13, 14.) Thereafter, respondent filed his Rule 4(c) report, recommending against compensation on May 17, 2018. (ECF No. 19.)

Petitioner then filed an expert report from Dr. Jonathan A. Bernstein, allergist and immunologist. (ECF No. 21.) In response, respondent filed an expert report from Dr. Andrew J. MacGinnitie. (ECF No. 24.) This case was reassigned to my docket on June 5, 2019. (ECF No. 30.) Subsequently, I held a status conference and asked the parties to file a round of supplemental reports from their respective experts.

On January 20, 2020, petitioner filed a supplemental report from Dr. Bernstein and on February 24, 2020, respondent filed a supplemental report from Dr. MacGinnitie. (ECF Nos. 34, 37.) Thereafter, petitioner proposed resolving this case based on the written record and respondent had no objection. (ECF No. 38.) On June 12, 2020, petitioner moved for a decision on the record, on July 31, 2020, respondent filed his response, and on August 7, 2020, petitioner filed a reply. (ECF Nos. 41-42, 44.)

Petitioner filed the instant motion for interim attorneys' fees and costs on September 1, 2020, respondent filed his response on September 8, 2020, and petitioner did not file a reply. (ECF Nos. 45-46.) Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II.   An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In his response, respondent indicated that the statutory requirements were met in this case. (ECF No. 46, p. 2.) I agree.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id.* In *Shaw*, the Federal Circuit clarified that "where the claimant

establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. Here, petitioner's request for interim attorneys' fees and costs is made after more than two years of litigation within the entitlement phase of this case and after petitioner incurred costs for providing multiple expert reports to support her claim.

### III.     Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019 and 2020 can be accessed online.[2]

In this case, petitioner is seeking $60,946.50 in interim attorneys' fees for work performed in 2017 through 2020. I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates billed for 2017 through 2020 for attorney time and paralegal time are all reasonable and in accord with prior awards made by other special masters.

---

[2] Each of the Fee Schedules for 2015 through 2020 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, and 2020 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

Turning next to the requested hours expended, special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *rev'd on other grounds and aff'd in relevant part*¸ 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

First, after reviewing the billing records, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for reviewing the same orders and attending the same status conference. For duplicative entries, only hours billed by Mr. Downing, the lead attorney in this case, will be awarded. These duplicative billing entries result in a reduction of **$450.50** of the interim fee award.[3]

Second, I find that the work billed by paralegal Danielle P. Avery for "analysis" of the medical records to be duplicative and excessive. Ms. Avery billed between 0.20 to 0.40 hours for "analysis of medical records … to determine begin and end date of records" for all the medical records received from different providers before preparing to file such records. (*See e.g.*, ECF No. 45-1, pp. 17-27, 29-30, 32, 34, 37.) In some instances, Ms. Avery then followed by billing an additional 0.30 hours for "analysis of file to determine end date of previous records," to update the file and request for supplemental records. (*Id.* at 26, 28-29, 31, 34, 37.) I find this work to be repetitive and does not reflect substantive work in pursuing this case. Moreover, these records are also reviewed substantively by either or both Courtney Van Cott, attorney, and/or Robert W. Cain, paralegal, and subsequently analyzed by Mr. Downing. Additionally, Ms. Avery included entries that are duplicative due to attorneys and paralegals billing for reviewing the same orders. When calculating these entries, Ms. Avery billed over 12 hours of duplicative and/or excessive work. Therefore, I find the majority of the work billed by Ms. Avery to be unnecessary and will reduce her hours billed by 20%. This results in a reduction of **$1,714.50** of the interim fee award.

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both

---

[3] There were duplicative entries billed by Courtney Van Cott on February 23, 2018, February 27, 2018, May 17, 2018, July 17, 2018, July 18, 2018, and November 18, 2019. Of note, at least three people reviewed respondent's Rule 4(c) report and Ms. Van Cott additionally billed 0.2 hours to re-review the report.

'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). An expert retained by the petitioner in the Vaccine Program will only be compensated at a reasonable hourly rate, and the petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Simon v. Sec'y of Health & Human Servs.*, No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008)*.*

In this case, petitioner seeks $6,939.66 in interim attorneys' costs. The majority of the expenses incurred were expert costs billed by Dr. Bernstein, who is relatively new as an expert within the Vaccine Program. Therefore, there has not been a reasonable hourly rate set for Dr. Bernstein. Dr. Bernstein received his medical degree from the University of Cincinnati College of Medicine in 1985 and completed his fellowship in allergy and immunology at Northwestern University in Chicago. Dr. Bernstein currently holds a teaching position at his alma mater medical school, where he's been since 1990, and works at his practice, Bernstein Allergy Group and Clinical Research Center. His curriculum vitae identifies extensive research and publication work. Dr. Bernstein billed $5,000.00 for 10 hours of work (8 hours in 2018 and 2 hours in 2020) at $500 an hour.

Many Vaccine Program cases provide a framework for determining the appropriate rate for experts in this program at a range between $250 and $500 an hour. *See O'Neill v. Sec'y of Health & Human Servs.,* No. 08–243V, 2015 WL 2399211, at *17 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (awarding an hourly rate of $400 to an expert in neurology); *Dingle v. Sec'y of Health & Human Servs.*, No. 08–579V, 2014 WL 630473, at *8 (Fed. Cl. Spec. Mstr. Jan. 24, 2014) (expert did not have "specialized knowledge and experience" in the case to justify his requested hourly rate of $500 and, accordingly, rate was reduced to $400 per hour); *Allen v. Sec'y of Health & Human Servs.*, No. 11–051V, 2013 WL 5229796, at *2 (Fed. Cl. Spec. Mstr. Aug. 23, 2013) (approving a rate of $500 per hour for an expert in neurology and immunology and who also had expertise in a pertinent area to the issue in the case); *Chen Bou v. Sec'y of Health & Human Servs.,* No. 04-1329V, 2007 WL 924495, at *10, *16 (Fed. Cl. Spec. Mstr. Mar. 9, 2007) (awarding an expert a rate of $350 per hour based in part on his poor performance in testifying at hearing, but noting that "[b]ased upon the information submitted [ ], with the appropriate set of facts the undersigned would have no issue with awarding the $500 requested by petitioner")).

In 2018 a different special master observed, however, that "there does appear to be support for using $450 per hour as a reference point for a reasonable hourly rate for a medically-trained immunologist with extensive research experience." *Dominguez v. Sec'y of Health & Human Servs.*, No. 12-378V, 2018 WL 3028975, at *5 (Fed. Cl. Spec. Mstr. May 25, 2018); *see also Lewis v. Sec'y of Health & Human Servs*., 149 Fed. Cl. 308 (2020) (approving of the $450 reference point identified in *Dominguez*). Although lower than what Dr. Bernstein has invoiced, I find that this constitutes a reasonable hourly rate for Dr. Bernstein's work in this case in 2018. I will award the requested rate for his 2020 work. By way of comparison, this is also comparable to what Dr. Gershwin,

5

an immunologist who participates frequently in Vaccine Program cases, has billed for work performed as recently as 2019. *A.S. by Svagdis v. Sec'y of Health & Human Servs.*, No. 15-520V, 2020 WL 3969874 (Fed. Cl. Spec. Mstr. June 4, 2020) (billing $450 per hour); *but see Hoskins v. Sec'y of Health & Human Servs.*, No. 15-71V, 2017 WL 3379270 (Fed. Cl. Spec. Mstr. July 12, 2017) (billing $500 per hour).

Upon review of Dr. Bernstein's two invoices, he spent 1.5 hours writing the first report, 2 hours writing the supplemental report, 6 hours on "review of records (includes review of literature," and 0.5 hours on correspondence. (ECF No. 45-1, pp. 71, 74.) I find the 10 hours billed by Dr. Bernstein in this case to be reasonable and award him the hours in full.

The change in hourly rate for Dr. Bernstein results in a reduction of **$400.00** in the interim costs award. Aside from the expert costs, the remaining costs were well-documented and shall be awarded in full.

### IV.   Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED.** Petitioner is awarded $65,321.16, representing $58,781.50 in interim attorneys' fees and $6,539.66 in interim attorneys' costs. **Accordingly, I award a total of $65,321.16 as a lump sum in the form of a check payable to petitioner and her counsel, Andrew Donald Downing, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.