# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 28, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| SUZANNE MULRENIN *on behalf* | * | |
| *of her minor child, R.M.*, | * | No. 18-022V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Darryl R. Wishard*, United States Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On January 4, 2018, petitioner filed a claim for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her minor child, R.M.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that R.M. suffered post-vaccination symptoms, later diagnosed as a Mast Cell Activation Syndrome, which were caused or significantly aggravated as a result of an influenza vaccination administered on November 16, 2015. (ECF No. 1). On January 19, 2021, I issued my decision dismissing the petition for insufficient proof. (ECF No. 52).

On March 3, 2021, petitioner filed an application for final attorneys' fees and costs. (ECF No. 56) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$2,347.45 (representing $2,311.50 in fees and $35.95 in costs). Fees App. at 2.[3] Pursuant to General Order No. 9, petitioner states that she did not personally incur any expenses associated with this claim. *Id.* at 3. Respondent responded to the motion on March 4, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case". Resp. at 2 (ECF No. 47). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program

---

[3] Petitioner was previously awarded interim attorneys' fees in costs in the amount of $65,321.16 on December 10, 2020. (ECF No. 48).

special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[4]

I have reviewed the rates requested by petitioner for the work of her counsel, Mr. Andrew Downing and Ms. Courtney Van Cott. These rates are consistent with what Mr. Downing and Ms. Van Cott have previously been awarded for their Vaccine Program work, and I find them to be reasonable for the instant case.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review of the submitted billing records, I find the billing entries to be largely reasonable. The only issue is a duplicate paralegal entry on December 10, 2020, for review of the decision awarding interim attorneys' fees and costs. Fees App. Ex. 1 at 2. I will therefore deduct $13.50 from the final award to account for this duplicative billing. Petitioner is therefore awarded final attorneys' fees of $2,298.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $35.95 in attorneys' costs. This amount is comprised of acquiring medical literature. Fees App. at Ex. 1 at 4. Petitioner has provided adequate documentation supporting the requested costs and they appear reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

## II. Conclusion

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $2,311.50 |
| (Reduction to Fees) | - ($13.50) |
| **Total Attorneys' Fees Awarded** | **$2,298.00** |
| | |
| Attorneys' Costs Requested | $35.95 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$35.95** |
| | |
| **Total Attorneys' Fees and Costs** | **$2,333.95** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioners' request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the amount of $2,333.95, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).